## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| THOMAS W. BRAMES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    CAUSE NO. 1:08-CV-253 |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
|     Defendant. | ) |

## **OPINION AND ORDER**

Before the Court is a stipulation by the parties seeking approval of a proposed protective order and an extension of the deadline within which Plaintiff may file an amended complaint. (Docket # 17.) Plaintiff will be granted the extension; however, because the proposed protective order contains major defects, it will be DENIED.

To explain, Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). However, the proposed protective order, which appears to seek to protect documents beyond the discovery phase of the proceedings, provides an inadequate basis for finding good cause, as the order's definition of "protected" information is impermissibly broad. It provides that Defendant may designate as "protected" those portions of its discovery responses or documents produced that "contain trade secrets, other confidential research development, commercial information, or which is otherwise considered protected under applicable law, including vendor agreements and claims made against Defendant." (Proposed Stipulated Protective Order 6.)

Under *Cincinnati Insurance*, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Cincinnati Insurance*, 178 F.3d at 946; *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998). Here, the Court is not satisfied that the parties know what information constitutes "protected" information. *See Cincinnati Insurance*, 178 F.3d at 946. Indeed, if the Court were to approve this order, Defendant would seemingly have a "virtual carte blanche . . . to seal whatever portions of the record [it] wanted to seal." *Id.* at 944. The Seventh Circuit has repeatedly held that such overly broad protective orders are invalid. *See, e.g., id.* at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

Furthermore, *Cincinnati Insurance* specifies that protective orders may only issue if the order "makes explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Id.* at 946. Here, the proposed order fails to contain this language with respect to any interested member of the public. (*See* Proposed Stipulated Protective Order ¶ 11.)

"Obtaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. March 28, 2003). Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7)

2

and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court DENIES approval of the stipulated protective order submitted by the parties (Docket # 17). Plaintiff is, however, GRANTED an extension of time, that is, until January 22, 2009, within which to file an amended complaint.

SO ORDERED.

Enter for this 13th day of January, 2009.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge